# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BREONIA SAPPHIRE ROBINSON, *Plaintiff,* | : : : | |
| v. | : : | CIVIL ACTION NO. 24-CV-3036 |
| TRUMARK FINANCIAL CREDIT UNION, *Defendant.* | : : : | |

## MEMORANDUM

**Pappert, J.**                                                                                   **August 20, 2024**

*Pro se* Plaintiff Breonia Sapphire Robinson sues Trumark Financial Credit Union for breach of contract and alleged violations of the Federal Reserve Act. The claims relate to a consumer credit transaction between Robinson and Trumark. For the following reasons, the Court will grant Robinson leave to proceed *in forma pauperis* and dismiss her Complaint for lack of subject matter jurisdiction.

I

This is the second lawsuit Robinson filed against Trumark involving the same consumer credit transaction. *See Robinson v. Trumark Fin. Credit Union*, No. 24-1466. The Court dismissed the first without prejudice for lack of subject matter jurisdiction. *See Robinson v. Trumark Fin. Credit Union*, No. 24-1466, 2024 WL 2249868, at *3 (E.D. Pa. May 17, 2024). The Court rejected Robinson's attempt to assert federal question jurisdiction under a section of the Federal Reserve Act, specifically 12 U.S.C. § 412, because that section does not apply to federal credit unions like Trumark and does not create a private cause of action. *Id.* at *2. The Court also concluded that Robinson failed to meet her burden to show that the parties were of diverse citizenship. *Id.* at *3.

In this case, Robinson appears to restate the same factual allegations – although worded slightly differently – and reassert the same claims against Trumark. Specifically, Robinson alleges that on September 24, 2021, she entered into a consumer credit transaction with Trumark "for a secured credit card [for $60,000] and secured loan [for $168,000]." (Compl. (ECF No. 2) at 4.)[1] On December 5, 2023, Robinson "gave valuable consideration and tendered a negotiable instrument to [Trumark] with accord and satisfaction as performance to the agreement." (*Id*.) Trumark allegedly refused Robinson's tender and "refused to act and perform with accordance under the agreement." (*Id*.) Based on these facts, Robinson alleges that Trumark is liable for "Federal Reserve violations § 16" and for breach of contract. (*Id*. at 3.) She seeks money damages and specific performance. (*Id*. at 5.)

## II

The Court grants Robinson leave to proceed *in forma pauperis* because it appears she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. §1915(e)(2)(B) requires the Court to dismiss the Complaint if it is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. The Court must also review the pleadings and dismiss the case if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution,*

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system. Robinson separately filed exhibits to support her claims on the day after she filed her Complaint. (*See* ECF No. 4.) The exhibits consist of Trumark loan documents and documents Robinson submitted to the lender about payment. The Court will liberally construe the submissions together as constituting Robinson's Complaint.

*Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). As Robinson is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III

Federal courts may only hear cases over which they have subject matter jurisdiction. Federal question jurisdiction exists in "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Robinson alleges that the Court may exercise federal question jurisdiction under Section 16 of the Federal Reserve Act, which generally addresses the issuance and redemption of federal reserve notes. *See* 12 U.S.C. § 411-21. The Federal Reserve Act governs Federal Reserve banks and not credit unions like Trumark. Moreover, Section 16 of the Federal Reserve Act cannot confer jurisdiction because it does not provide Robinson with a private right of action. *See Harp v. Police & Fire Fed. Credit Union*, No. 23-2577, 2023 WL 5152625, at *4 (E.D. Pa. Aug. 10, 2023) (dismissing claim under Section 16 of the Federal Reserve Act because private individuals do not have a private right of action); *Villaplana v. Randazzo*, No. 16-8767, 2017 WL 5473453, at *2 (D.N.J. Nov. 14, 2017) (concluding that 12 U.S.C. § 411 nor any other provision in Section 16 of the Federal Reserve Act provides a private right of action); *Slocum v. Zen Realty*, No. 23-550, 2024 WL 666329, at *2 (E.D.N.C. Feb. 16, 2024) (stating that "none of plaintiff's references to

the statutes and regulations governing the Federal Reserve and banks [including 12 U.S.C. §§ 411-412] . . . create a private cause of action arising under federal law.").

Nor has Robinson alleged a basis for diversity jurisdiction, which exists in civil actions between citizens of different States where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  Complete diversity is required, meaning that "every plaintiff must be of diverse state citizenship from every defendant."  *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006).  An individual is a citizen of the state where they are domiciled, meaning the state where they are physically present and intend to remain.  *See Washington v. Hovensa*, LLC, 652 F.3d 340, 344 (3d Cir. 2011).  A federal credit union is a citizen of the state in which it is based or localized.  *See Feuchtwanger Corp. v. Lake Hiawatha Fed. Credit Union*, 272 F.2d 453, 455 (3d Cir. 1959) (concluding that in assessing citizenship of federal credit union, the "localization of activity within a particular state sufficed to make a federal corporation a citizen of that state"); *Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Phila.*, 657 F.2d 29, 31 (3d Cir. 1981) (relying on *Feuchtwanger* and concluding that "First Federal, a Pennsylvania based federal savings and loan association, is deemed a citizen of Pennsylvania.").  Robinson alleges that she resides in Pennsylvania and that Trumark has a registered office from which it conducts business in Fort Washington, Pennsylvania.  *See Pradel v. VAH Lyons Emps. Fed. Credit Union*, No. 19-15835, 2020 WL 2747766, at *2 n.2 (D.N.J. May 27, 2020) ("Courts have held that diversity of citizenship does not exist when a federal credit union primarily operates in a plaintiff's domicile.").

IV

For the foregoing reasons, the Court will grant Robinson leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice for lack of subject matter jurisdiction. Leave to amend will not be given as any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). A final Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**Gerald J. Pappert, J.**